UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY A. GILREATH,

    Petitioner,

-vs-                                          Case No. 8:03-CV-1247-T-27MAP

JAMES McDONOUGH,[1]

    Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this proceeding *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1999 convictions for alcohol-related offenses entered in the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 6), and Petitioner has filed a reply thereto (Dkt. 7). The matter is now before the Court for consideration of the merits of the petition.

### Background

As a result of an automobile accident that occurred on August 18, 1997, Petitioner was charged by Information on February 4, 1998 with driving under the influence ("DUI") with serious bodily injury, a third degree felony,[2] DUI with personal injury, driving while

---

[1] James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Under Florida law, "[a] person is guilty of the offense of driving under the influence . . . if the person is driving or in actual physical control of a vehicle within this state and: . . . [t]he person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood." Fla. Stat. § 316.193(1) (1997). "Any person: (a) Who is in violation of subsection (1); (b) Who operates a vehicle; and (c) Who, by reason of such
(continued...)

license suspended, and possession of marijuana (Dkt. 6, Ex. 38, Vol. I at R. 1-3). Blood tests reportedly revealed that Petitioner had a blood alcohol level of .15 percent when the accident occurred (Dkt. 6, Ex. 21 at 4). Pursuant to a negotiated plea agreement, Petitioner, represented by court-appointed counsel, pled nolo contendere to the charges as presented in an amended Information on March 10, 1999 ( (Dkt. 6, Ex. 38, Vol. I at R. 62, 114-117). According to the sentencing guidelines scoresheet, Petitioner's sentencing range was between 60.75 and 100.125 months ( (Dkt. 6, Ex. 38, Vol. I at R. 68). On March 11, 1999, Petitioner was sentenced to time served on the three misdemeanor charges and a term of 97.5 months on the charge of DUI with serious bodily injury (Dkt. 6, Ex. 38, Vol. I at R. 71-77).

Represented by the public defender's office, Petitioner filed a direct appeal of his conviction. Appellate counsel filed an *Anders*[3] brief directing the appellate court's attention to the following two issues:

1. Whether [Petitioner's] sentence[,] which exceeds the statutory maximum for a third degree felony[,] is illegal; and

2. Whether points for victim injury were properly added to [Petitioner's] scoresheet when victim injury was an element of the offense for which he was being sentenced.

---

[2](...continued)
operation, causes: . . . [s]erious bodily injury to another, as defined in s. 316.1933, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." Fla. Stat. § 316.193(3) (1997). Florida law defines "serious bodily injury" as "an injury to any person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Fla. Stat. § 316.1933 (1997).

[3]An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967).

Dkt. 6, Ex. 2. Petitioner then filed an appellate brief *pro se* raising one issue: "Whether [Petitioner's] sentence[,] which exceeds both the statutory maximum and the recommended range[,] is illegal" (Dkt. 6, Ex. 3). On June 21, 2000, the state district court affirmed Petitioner's convictions and sentences (Dkt. 6, Ex. 5). *See Gilreath v. State*, 763 So. 2d 325 (Fla. 2d DCA 2000). The mandate issued on July 18, 2000 (Dkt. 6, Ex. 6). Several unsuccessful applications for state post-conviction relief followed over the next three years. *See* Dkt. 6, Exs. 007; 014; 016; 021; 030.

On June 12, 2003, Petitioner filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 asserting that (1) his plea was not voluntarily and knowingly entered because it was based on a material mistake of law; and (2) his sentence is illegal because it exceeds the statutory maximum for a third degree felony. Respondent argues that Petitioner has failed to establish that he meets the criteria for relief § 2254(d)-(e). Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, this Court agrees.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Petitioner's claim. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

As set forth above, Petitioner raises the following two grounds for relief in his petition:

1. Petitioner's plea was not knowingly and voluntarily entered, [sic] where it was based upon a material mistake of law and is therefore invalid; and

2. Petitioner's sentence is illegal where it exceeds the statutory maximum.

Dkt. 1. Respondent asserts that Ground One is procedurally barred from review and Ground Two fails to present a federal constitutional issue.

**GROUND ONE**

In support of his claim that his nolo contendere plea was involuntary, Petitioner contends that he entered his plea based upon a material mistake of law. The crux of Petitioner's complaint is trial counsel's advice that in light of the statutory presumption of impairment under Florida law, his blood alcohol content of .15 percent relieved the State of the burden of proving the element of intoxication at trial. Petitioner relies on the Florida Supreme Court's decision in *State v. Miles*, 775 So.2d 950 (Fla. 2000),[4] to support his claim, arguing that the decision operates retroactively to render his blood-alcohol test inadmissible such that his plea was not knowingly and voluntarily entered.

When Petitioner raised this claim in his state application for post-conviction relief, the trial court found that because Petitioner's conviction was final when the *Miles* decision was entered, the claim was procedurally barred under state law.[5] In affirming the trial court's decision, the state district court held:

> In 1999, Gilreath pleaded no contest to several offenses arising out of a DUI with serious personal injury which occurred in 1997. He appealed and this

---

[4] The *Miles* court held that due to inadequate administrative provisions for the preservation of blood samples, the State could not rely on the statutory presumption of impairment upon the establishment of a given alcoholic blood content of the defendant in prosecutions for alcohol-related offenses. *State v. Miles*, 775 So.2d 950 (Fla. Nov. 30, 2000), The *Miles* decision was applicable in cases that were pending on direct appeal when the decision was issued, *see Leveritt v. State*, 896 So.2d 704 (Fla. 2005) (citing *Smith v. State*, 598 So.2d 1063, 1066 (Fla. 1992) (holding that any decision of the Florida Supreme Court "announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final")). Under Florida law, Petitioner's conviction became final on direct appeal when the mandate issued on July 18, 2000, well before the decision in *Miles* was rendered on November 30, 2000.

[5] A change of law will not be considered under Rule 3.850 unless the change emanates from the Florida Supreme Court or the United States Supreme Court, is constitutional in nature and constitutes a development of fundamental significance. *See Witt v. State*, 387 So.2d 922, 931 (Fla.), *cert. denied*, 449 U.S. 1067 (1980).

> court entered a per curiam affirmance. *Gilreath v. State*, 763 So.2d 325 (Fla. 2d DCA 2000).
>
> . . . . .
>
> In the motion which is the subject of this appeal, Gilreath argued that as a result of a defect in chapter 11D-8.012 of the Florida Administrative Code, and the mishandling of his blood sample, his test result of .15 was fatally defective. He based his contentions on *State v. Miles*, 775 So.2d 950 (Fla. 2000). Gilreath claimed that, under the facts of this case, the State would not have had the benefit of the presumption of impairment. He asserted that if he had known this, he would have proceeded to trial. He maintained that his no contest plea was based on a material mistake of law and was not knowingly and voluntarily entered as a result.
>
> The trial court properly summarily denied the motion for postconviction relief because the files and records conclusively demonstrated that Gilreath was not entitled to relief. Because Gilreath's convictions were final, he could only benefit from a major decisional change in the law which would be applied retroactively. *See Wilson v. State*, 812 So.2d 452 (Fla. 5th DCA 2002). The case Gilreath relied upon, *Miles*, 775 So.2d 950, espouses a mere evolutionary refinement in the law and is not to be applied retroactively. *See Curtis v. State*, 805 So.2d 995 (Fla. 1st DCA 2001). Thus, Gilreath was not entitled to postconviction relief on the ground he presented.

*Gilreath v. State*, 842 So.2d 189, 189-90 (Fla. 2d DCA 2003).

Respondent argues that the state courts' finding that this claim is procedurally defaulted bars the claim from review by this Court. It is a state's prerogative to fix the contours of its procedural rules, and as Respondent correctly notes, the Eleventh Circuit has held that the procedural requirements of Rule 3.850 constitute independent and adequate state grounds under the applicable law. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990). If the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995). Since the last state court to consider this claim determined

that it is procedurally barred, the claim is barred from federal review. *See Chandler v. Moore*, 240 F.3d 907 (11th Cir. 2001) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)).

A federal court may review the merits of Petitioner's claim despite the procedural bar if he can show both "cause for the default and prejudice attributable thereto" or that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception, *see Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Cause must ordinarily be something external to the petitioner. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show prejudice, Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152 (1982).

Petitioner offers no reason for his failure to raise this claim on appeal, and the Court discerns none that would amount to good cause to overcome a state procedural default. Having failed to allege, much less show, that any factors external to the defense prevented the presentation of this claim, Petitioner has not shown cause to excuse the default. *See Murray v. Carrier*, 477 U.S. 478 (1986); *Wainwright v. Sykes*, 433 U.S. 72 (1977).

An exception to the "cause-and-prejudice" requirement was recognized in *Sykes* when the Court stated that the standard developed there would not bar habeas relief for a victim of a "miscarriage of justice." *Id.* at 90. A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him

guilty beyond a reasonable doubt." *House v. Bell*, __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schulp v. Delo*, 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial which would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup v. Delo*, 513 U.S. at 324. Petitioner does not assert that he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of this claim. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Because Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists," *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), it would be improper for this Court to address the merits of this claim. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

## GROUND TWO

Citing *Apprendi v. New Jersey*,[6] Petitioner next argues that he is entitled to habeas relief because the trial court imposed a sentence that exceeds the statutory maximum for a third degree felony under Florida law based on facts not proved to a jury beyond a reasonable doubt. Respondent asserts that this Court is precluded from addressing the substance of this claim because it raises sentencing issues not cognizable in a federal habeas action.

Pursuant to 28 U.S.C. § 2254, a state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the

---

[6]*Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* and its progeny are not retroactive on collateral review. *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005).

United States. 28 U.S.C. § 2254(a). As noted by the United States Supreme Court, a mere error of state law does not constitute a denial of due process. *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *see also Jamerson v. Sec. for Dep't of Corrs.*, 410 F.3d 682, 688 (11th Cir. 2005) ("Federal habeas relief is unavailable for errors of state law." (quotation omitted)). As stated by the Eleventh Circuit in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988), "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *See also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978) ("federal courts do not review a state's failure to adhere to its own sentencing procedures"). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

In the present case, no question of a federal constitutional nature is involved, and the state courts' interpretation of Florida law is not reviewable under § 2254. Even if this claim were cognizable under § 2254, Petitioner would not be entitled to relief from his conviction. As discussed above, Petitioner was charged and convicted of DUI resulting in serious bodily injury, a felony of the third degree, *see* Fla. Stat. § 316.193 (1997). Petitioner contends that because Florida law provides that a person who has been convicted of a felony of the third degree is subject to "a term of imprisonment not exceeding [60 months]," Fla. Stat. § 775.082(3)(d) (1997), his 97.5 month sentence is illegal.

Petitioner was sentenced under Florida's sentencing guidelines, *see* Fla. Stat. Ch. 921 (1997), which, *inter alia*, set forth the following process for calculating recommended sentences under the guidelines:

> Recommended sentences: . . . . If the total sentence points are greater than 52, the sentence must be a state prison sentence calculated by total sentence points. A state prison sentence is calculated as follows: State prison months = total sentence points minus 28. The recommended sentence length in state prison months may be increased by up to, and including, 25 percent or decreased by up to, and including, 25 percent, at the discretion of the court.

Fla. Stat § 921.0014(2) (1997). Florida law further provides, however, that where, as in the instant case, "a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure." *Id.*; *see also* Fla. Stat § 921.001(5) (1997); *Mays v. State*, 717 So.2d 515, 516 (Fla. 1998). Because Petitioner's sentencing guidelines range was 60.75 to 100.125 months, which clearly exceeds the statutory maximum sentence of 60 months for a third degree felony, Petitioner's claim that his sentence of 97.5 months is illegal lacks merit. *See* Fla. Stat. §§ 921.001(5) and 921.0014(2) (1997). As the United States Supreme Court has recognized, "the substantive power to prescribe crimes and determine punishments is vested with the [state] legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

> As to Petitioner's *Apprendi* argument, in rejecting this claim, the state court held:
>
> The Defendant's Motion is denied. First, a copy of the sentencing guidelines shows that the lowest recommended sentence was above the statutory maximum. (See attached copy of sentencing guidelines scoresheet). The Defendant's specific argument is denied because he pleaded nolo contendere and admitted that he injured the passengers in the other vehicle involved in the crime. (See attached copy of plea colloquy). As the Fourth District Court of Appeal found in *Hindenach v. State*, 807 So.2d 739 (Fla. 4th DCA 2002), by pleading nolo contendere and admitting that he caused serious bodily injury, he waived his right to a jury finding on the issue of victim injury. *See id.* at 744.

Dkt. 6, Ex. 31 at 2.

The record supports the state court's findings on this issue, and Petitioner fails to cite any decision by the United States Supreme Court holding that a sentence imposed based on facts *admitted* by the defendant violates the Sixth Amendment right to a trial by jury. Federal law is to the contrary, as recently demonstrated by the holding in *Booker* reaffirming *Apprendi*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a *plea of guilty* or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005) (emphasis added).

Petitioner entered a plea of nolo contendere, which is treated as a guilty plea for all purposes related to the case.[7] In executing the plea form, Petitioner acknowledged that the victim suffered serious bodily injury (Dkt. 6, Ex. 38, Vol. 1 at 62). Thus, Petitioner's sentence is not illegal under *Apprendi*.

Petitioner has failed to rebut the presumption of correctness accorded the state court's factual findings. Having further failed to demonstrate that the state court's rejection of this claim is contrary to or an unreasonable application of United States Supreme Court precedent, Petitioner has not presented a viable claim for relief under § 2254(d)(1).

## Conclusion

For the foregoing reasons, the Court determines that Petitioner has not met the criteria for relief under 28 U.S.C. § 2254.

ACCORDINGLY, the Court **ORDERS** that:

---

[7] Since a plea of *nolo contendere* admits guilt for the purposes of the case, *see Hudson v. United States*, 272 U.S. 451, 455 (1926); *Norman v. McCotter*, 765 F.2d 504, 509-11 (5th Cir. 1985); *Williams v. Wainwright*, 604 F.2d 404, 407 (5th Cir. 1979), "the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*." *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (citations omitted). *See also Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court.).

1. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on ___9/10/06___, 2006.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh

Copy to: All Parties of Record